

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

March 31, 1949

Hon. D. K. Woodward, Jr.
Chairman, Board of Regents
University of Texas
Kirby Building
Dallas 1, Texas

Opinion No. V-799

Re: Use of tax levied
by Section 17, and
of proceeds of
bonds issued under
Sections 17 and 18,
Article VII, Con-
stitution of Texas.

Dear Mr. Woodward:

You request the opinion of the Attorney
General in your letter of March 18, 1949, as follows:

"Your opinion is respectfully requested
upon the following questions which have a-
risen in connection with the efforts of the
beneficiary schools to put into effect Sec-
tions 17 and 1£ of Article 7 of the Con-
stitution of the State of Texas.

"Question No. 1. May the pi ̬ceeds of
the Five (5¢) Cents tax be used for any pur-
pose other than payment of principal and
interest upon bonds or notes authorized to
be issued under Section 17 of Article 7?

"Question No. 2. If question No. 1 is
answered in the affirmative, then please
answer the following questions:

"(a) For what other purposes may
the proceeds of said tax be
used?

"(b) At what times and in what
amounts may such proceeds be
withdrawn by the governing
boards of the respective in-
stitutions which may elect not

to issue bonds?

"Question No. 3. Do the governing boards of the respective institutions have authority to incur and pay the reasonable and necessary expenses of issuing and selling bonds authorized by Sections 17 and 18 of Article 7, such as printing, shipping charges and attorneys' fees?

"Question No. 4. Do the governing boards of the respective institutions have authority to retain the proceeds of the sales of bonds authorized under Sections 17 and 18 of Article 7 and to deposit same as special trust funds for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements at the designated institutions of higher learning, such deposits to be secured by the pledge of bonds or other evidences of indebtedness of the United States or bonds which are guaranteed as to both principal and interest by the United States in an amount not less than the amount so deposited?"

Section 17 of Article VII provides, in part, as follows:

" . . . there is hereby levied . . . a State ad valorem tax on property of five cents (5¢) . . . for the purpose of acquiring, constructing, and initially equipping buildings or other permanent improvements at the designated institutions of higher learning; and the governing board of each of such institutions of higher learning is fully authorized to pledge all or any part of said funds allotted to such institutions as hereinafter provided, to secure bonds or notes issued for the purpose of acquiring, constructing and initially equipping such buildings or other permanent improvements at said respective institutions. Such bonds or notes shall be issued in such amounts as may be determined by the governing boards of said institutions . . ."

On March 30, 1949, the Attorney General rendered Opinion No. V-798 to Honorable William L. Kerr, President of the Board of Regents of the State Teachers Colleges. In speaking of Section 17 of Article VII, it was held in that opinion as follows:

"This Constitutional Amendment clearly prescribes the terms and conditions of the bonds and notes, and makes no other provision for evidencing a liability against the fund except by the issuance of bonds or notes. Hence it is our conclusion that this special fund may not be withdrawn from the State Treasury except to pay principal and interest requirements of bonds or notes issued under Section 17."

The above-quoted holding answers your first question and renders unnecessary an answer to your second question.

You ask in your third question whether the governing boards of the respective institutions have the authority to incur and pay the reasonable and necessary expenses of issuing and selling bonds authorized by Sections 17 and 18, such as printing, shipping charges, and attorneys' fees.

It is a well-established principle of law that the grant of an express power to do a certain act carries with it the implied powers necessary to perform such act. In order to issue the bonds authorized in Sections 17 and 18, it would be necessary to incur certain expenses such as printing and attorneys' fees. We think it clear that the respective governing boards may properly incur such expenses, and pay for them out of legally available funds of the institution, assuming, of course, that such expenses are reasonable. Davis v. City of San Antonio (Civ. App.), 160 S.W. 1161.

We think it clear that Sections 17 and 18 do not contemplate that the Attorney General should prepare the bond proceedings. In both of these sections it is provided that the bonds should be approved by the Attorney General. If these provisions contemplated the preparation of the transcript of proceedings and the bonds by the Attorney General, then he

would be put in the anomalous position of preparing the bonds and then approving his own work. It is evident from the requirement of approval of the bonds by the Attorney General that these Constitutional provisions contemplated that the governing boards of the respective institutions would have attorneys of their own employ to prepare the necessary proceedings. Your third question is, therefore, answered in the affirmative.

Your fourth question is whether the governing boards of the respective institutions have the authority to retain the bond proceeds and to deposit the same as special trust funds, to be used for carrying out the bond purposes, such deposits to be secured by bonds or other evidences of indebtedness of the United States, or bonds which are guaranteed as to both principal and interest by the United States in an amount not less than the amount so deposited.

In each Section 17 and Section 18, it is provided, "This amendment shall be self-enacting." We think that the amendments contemplate that bonds can be issued and sold by the respective governing boards, as outlined therein, and the proceeds of the sale turned over to such governing boards to carry out the bond purposes. We do not think that the amendments, either expressly or by implication, contemplate that the proceeds would be turned over to any other State office or officer. Only the respective governing boards are the agencies charged with the expenditure of the funds to carry out the bond purposes.

It is manifest that the large sums of money which may be realized from the sale of bonds cannot be expended immediately, and that the building program of an institution might cover several years. Yet, in order to take advantage of an attractive market, the governing boards may determine to issue bonds at one time in an amount which will be sufficient to defray the entire cost of such building program. Such action, we think, is clearly authorized by the Constitutional amendments, and that the respective governing boards are the agencies to retain the bond proceeds. Your fourth question, therefore, is answered in the affirmative.

## SUMMARY

The proceeds of the Five (5¢) Cents tax levied by Section 17 of Article VII, Constitution of Texas, may not be withdrawn from the State Treasury for any purpose other than payment of principal and interest upon bonds or notes authorized to be issued under such constitutional provision. Opinion No. V-798.

The governing boards of the respective educational institutions named in Sections 17 and 18, Constitution of Texas, have the authority to incur and pay the reasonable and necessary expenses of issuing and selling bonds authorized by said sections, such as printing, shipping charges, and attorneys' fees.

The governing boards of the respective institutions have the authority to retain the proceeds of the sales of bonds and deposit the same as special trust funds to be used in carrying out the bond purposes, such deposits to be secured by the pledge of bonds or other evidences of indebtedness of the United States or bonds which are guaranteed as to both principal and interest by the United States in an amount not less than the amount so deposited.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *[signature]*

George W. Sparks
Assistant

APPROVED:

*[signature]*
ATTORNEY GENERAL

GWS-s-mds